UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

TOKIO MARINE HIGHLAND INSURANCE
SERVICES, INC., f/k/a WNC Insurance Services, Inc.
as subrogee of Becher 1st Street LLC,

and

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY,

        Plaintiffs,

v.

C.D. SMITH CONSTRUCTION, INC.,

        Defendant.

Case No. 2:24-cv-01462-PP

# DEFENDANT C.D. SMITH CONSTRUCTION, INC.'S
# ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, C.D. Smith Construction, Inc. ("C.D. Smith"), by its attorneys, DeWitt LLP, and answers Plaintiffs' Complaint as follows:

## PARTIES

1. Plaintiff, Tokio Marine Highland Insurance Services, Inc., f/k/a WNC Insurance Services, Inc., as subrogee of Becher 1st Street LLC ("TMH"), is a corporation organized and existing under the laws of the State of California with a principal place of business located at 625 Fair Oaks Avenue, Suite 290, South Pasadena, CA 91030.

**ANSWER**: C.D. Smith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same.

2. At all times relevant, TMH was engaged in the business of issuing policies of insurance and was duly authorized to conduct said business in the State of Wisconsin.

**ANSWER**: **C.D. Smith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same.**

3. Plaintiff, Endurance American Specialty Insurance Company ("Endurance"), is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 1209 Orange Street, Wilmington, Delaware 19801.

**ANSWER**: **C.D. Smith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same.**

4. At all times relevant, Endurance was engaged in the business of issuing policies of insurance and was duly authorized to conduct said business in the State of Wisconsin.

**ANSWER**: **C.D. Smith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same.**

5. Plaintiffs' insured, Becher 1st Street LLC ("Becher"), is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located at 1509 N. Prospect Ave., Milwaukee, Wisconsin 53202.

**ANSWER**: **C.D. Smith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same.**

6. At all times relevant, Becher owned the property located at 2033 and 2035 South 1st Street, Milwaukee, Wisconsin, ("Subject Property").

**ANSWER**: **C.D. Smith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same.**

7. Defendant, C.D. Smith Construction, Inc. ("C.D. Smith"), is a corporation organized and existing under the laws of the State of Wisconsin with a principal place of business located at 125 Camelot Dr., Fond Du Lac, Wisconsin.

**ANSWER**: **Admit.**

8. At all times relevant, C.D. Smith was in the construction business.

**ANSWER**: **Admit.**

## JURISDICTION AND VENUE

9. This matter falls within the Court's subject matter jurisdiction because the Subject Property was located within Milwaukee County, Wisconsin and sustained damage as a result of Defendant's conduct and activities within Milwaukee County, Wisconsin.

**ANSWER**: **Denies that the Subject Property sustained damage as a result of C.D. Smith's conduct and activities. Admit that Milwaukee County Circuit Court of the State of Wisconsin had subject matter jurisdiction but alleges affirmatively that C.D. Smith properly removed this case to the Eastern District of Wisconsin.**

10. Venue is proper in this Court under Wis. Stat. §801.50(2)(b) as the Subject Property damaged herein was located in the County of Milwaukee, State of Wisconsin.

**ANSWER**: **Admit venue was proper but alleges affirmatively that C.D. Smith properly removed this case to the Eastern District of Wisconsin.**

## COMMON ALLEGATIONS

11. Prior to and leading up to December 12, 2020, C.D. Smith was retained for, in part, the construction of a parking garage to be located adjacent to the Subject Property (the "Parking Garage").

**ANSWER**: **Admit.**

12. As part of its Parking Garage construction efforts, C.D. Smith constructed temporary office and/or work space, approximately 55'9" in length and 17'0" in width ("Temporary Space"), that was built in the Parking Garage and existed as of December 11, 2020.

**ANSWER**: **Admit.**

13. As of December 11, 2020 and continuing through December 12, 2020, C.D. Smith owned, installed and maintained a propane-fed heater within the Temporary Space.

**ANSWER**: **Admit.**

14. On December 11, 2020, C.D. Smith installed said propane fed heater in the Temporary Space by establishing a connection to the heater by running a propane hose (the "Hose") from propane tanks located outside of the Temporary Office.

**ANSWER**: **Admit.**

15. The Hose that C.D. Smith selected for the heater was owned and maintained by C.D. Smith and was approximately 30 years old.

**ANSWER**: **C.D. Smith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same.**

16. Upon information and belief, through the course of the day on December 11, 2020 and into the evening and early hours of December 12, 2022, the hose was positioned in a manner that caused it to degrade and/or suffer damage which led to the failure of the Hose.

**ANSWER**: **Deny.**

17. As a result of the improper hose selection and installation practices by C.D. Smith, propane gas from the hose connected to the heater leaked into the Temporary Office.

**ANSWER**: **Deny.**

18. Before 5:30 a.m. on December 12, 2020, workers returned to the Parking Garage to start their work day and discovered that power to the Parking Garage was off.

**ANSWER**: **C.D. Smith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same.**

19. The workers subsequently restored power to the Parking Garage.

**ANSWER**: **C.D. Smith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same.**

20. Within a moment of power being restored on December 12, 2020, the Temporary office catastrophically exploded (the "Explosion").

**ANSWER**: **Deny.**

21. As a result of the explosion, Becher's real and personal property was substantially damaged.

**ANSWER**: **Deny.**

22. Prior to the Explosion, Plaintiff, TMH issued policy of insurance number CSN00009172 to its member, Becher, that provided insurance coverage for the Apartment Complex (the "TMH Policy").

**ANSWER**: **C.D. Smith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same.**

23. Prior to the Explosion, Plaintiff, Endurance issued policy of insurance number 10336306 to its member, Becher, that provided insurance coverage for the Apartment Complex (the "Endurance Policy") (Collectively, referred to as the "Policies").

**ANSWER**: **C.D. Smith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same.**

24. At all times relevant, the Policies were in full force and effect.

**ANSWER**: **C.D. Smith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same.**

25. As a result of the Explosion, Becher has made claim upon Plaintiffs pursuant to the Policies.

**ANSWER**: **C.D. Smith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same.**

26. Plaintiffs have paid on this claim to the extent of its obligations under their Policies for the destruction of Becher's real and personal property.

**ANSWER**: **C.D. Smith lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies same.**

27. To the extent of Plaintiffs' payments, Plaintiffs' [sic] are subrogated to Becher's right to bring this action against those responsible for its damages.

**ANSWER**: **This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, C.D. Smith denies and puts Plaintiffs to their burden of proof.**

## COUNT I - NEGLIGENCE

28. Plaintiff alleges and incorporates by reference paragraphs one (1) to twenty-seven (27) of this Complaint.

**ANSWER**: **C.D. Smith realleges and incorporates by reference its responses above as if fully restated herein.**

29. At all times relevant, C.D. Smith owed Becher a duty to use reasonable care while constructing the Parking Garage.

**ANSWER**: **This paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, C.D. Smith denies and puts Plaintiffs to their burden of proof.**

30. C.D. Smith breached its aforesaid duty to Becher in one or more of the following ways:

  a. Failing to install a propane heater in an [sic] manner that would prevent the explosion;

  b. Failing to property install the propane heater in the Temporary Office space such that the hose connected thereto would not fail and lead to the damages incurred.

  c. Failing to inspect the installation of the propane heater and the hose connected thereto to confirm it would not fail and lead to the damages incurred;

  d. Failing to use the correct component parts when installing the propane heater such that the propane heater would not fail and lead to the damages incurred;

  e. Failing to inspect, test or evaluate component parts used, including but not limiting to the use of an aged hose for propane service.

  f. Failing to install a first stage regulator for the installation of the propane heater, in violation of Wisconsin Building Codes, including but not limited to SPS340 Gas Systems along with NFPA 58.

  g. Improperly routing the hose, including routing the hose through an opening in the wall in violation of NFPA 58.

  h. Failing to warn Becher of the risk of explosion or similar peril presented by the incorrect use of the propane heater;

  i. Failing and/or omitting to do those things necessary to avoid an unreasonable risk of harm to Beacher's real and personal property; and

  j. Otherwise failing to use reasonable care under the circumstances.

**ANSWER**: **Deny.**

31. As a direct and proximate result of the aforesaid negligent, careless, reckless, willful and wanton acts and/or omissions, Becher's real and personal property sustained damage

in an amount in excess of $100,0000, exclusive of interest and costs, for which C.D. Smith is legally liable.

**ANSWER**: Deny.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are untimely and may be barred by the applicable statute of limitations.

3. Plaintiffs and/or their insured failed to mitigate their alleged damages, if any.

4. Plaintiffs have failed to join indispensable parties.

5. Plaintiffs' damages, if any, resulted from the conduct of third parties.

6. Plaintiffs' claims are barred in whole or part by the doctrines of laches, waiver, and/or estoppel.

7. C.D. Smith reserves its right to assert defenses that may be revealed through discovery or other investigation.

WHEREFORE, Defendant respectfully requests that the Court deny all relief requested by Plaintiffs and enter judgment in its favor, including costs and attorney's fees as permitted by law, and provide such other relief as the Court deems just and appropriate.

## JURY DEMAND

Defendant, C.D. Smith Construction, Inc., demands trial by a 12-person jury.

Dated: November 20, 2024.

                **DeWitt LLP**

                <u>*Electronically signed by Brian R. Smigelski*</u>
                Brian R. Smigelski (SBN 1018322)
                Averi A. Niemuth (SBN 1102411)
                13845 Bishops Drive, Suite 300
                Brookfield, WI 53005-6617
                Direct: (262) 439-2371
                brs@dewittllp.com
                aniemuth@dewittllp.com

                Attorneys for Defendant, C.D. Smith Construction, Inc.