UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOKIO MARINE HIGHLAND INSURANCE
SERVICES, INC., *f/k/a WNC Insurance Services, Inc.*
as subrogee of Becher 1st Street, LLC
and ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY,

        Plaintiffs,

    v.

C.D. SMITH CONSTRUCTION, INC.,

        Defendant.

Case No. 24-cv-1462-pp

ZURICH AMERICAN INSURANCE COMPANY,
as subrogee of Michels Corporation,

        Plaintiff,

    v.

C.D. SMITH CONSTRUCTION, INC.,

        Defendant.

Case No. 24-cv-1483-jps

**ORDER GRANTING DEFENDANT'S RULE 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO CONSOLIDATE CASES
(CASE NO. 24-CV-1462, DKT. NO. 11; CASE NO. 24-CV-1483, DKT. NO. 9)**

On December 10, 2024, defendant C.D. Smith Construction, Inc. filed a Rule 7(h) expedited, non-dispositive motion asking the court to consolidate the above cases. See Case No. 24-cv-1462, Dkt. No. 11; Case No. 24-cv-1483, Dkt. No. 9. None of the plaintiffs—in either case—oppose the defendant's motion to consolidate. Case No. 24-cv-1462, Dkt. No. 11 at ¶7; Case No. 24-cv-1483, Dkt.

1

No. 9 at ¶7. Because the cases involve the same defendant, the same incident and the same claim, the court will grant the motion.

**I.    Background**

On October 7, 2024, plaintiff Tokio Marine Highland Insurance Services, Inc. filed a complaint against the defendant in Milwaukee County Circuit Court. Case No. 24-cv-1462, Dkt. No. 1-1. The complaint asserted a single negligence claim related to an explosion that occurred on December 12, 2020 at a parking garage the defendant was constructing. Id. at ¶¶11, 20, 28-31. On November 13, 2024, the defendant filed a notice removing the case to federal court based on diversity jurisdiction. Id. at Dkt. No. 1.

On November 4, 2024, plaintiff Zurich American Insurance Company filed a complaint against the defendant in Milwaukee County Circuit Court. Case No. 24-cv-1483, Dkt. No. 1-1. This complaint asserted a single negligence claim related to the same explosion that occurred at the parking garage under construction by the defendant. Id. at ¶¶9, 18, 25-28. Zurich's allegations and claim are either identical or substantially similar Tokio Marine's. Compare Case No. 24-cv-1462, Dkt. No. 1-1 with Case No. 24-cv-1483, Dkt. No. 1-1. On November 15, 2024, the defendant filed a notice removing the case to federal court based on diversity jurisdiction. Case No. 24-cv-1483, Dkt. No. 1.

On December 10, 2024, the defendant filed the instant motion to consolidate. Case No. 24-cv-1462, Dkt. No. 11; Case No. 24-cv-1483, Dkt. No. 9. The defendant asserted that "consolidation is appropriate because the complaints are substantively identical" and explained that "[b]oth cases involve

2

(1) the same defendant; (2) the construction of the same parking garage; and (3) the same negligence claim related to an explosion that occurred on December 12, 2020." Case No. 24-cv-1462, Dkt. No. 11 at ¶3; Case No. 24-cv-1483, Dkt. No. 9 at ¶3. The defendant stated that "[c]onsolidation of these cases will conserve the resources of all parties and promote judicial economy." Id. at ¶5. The defendant contended that, "[a]bsent consolidation, the parties will face undue and irreparable prejudice because both matters have intertwined claims and facts, thereby creating a high risk of conflicting judgments and duplicative discovery." Id. at ¶6.

## II. Applicable Law

Rule 42(a) of the Federal Rules of Civil Procedure states:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
> **(1)** join for hearing or trial any or all matters at issue in the actions;
> **(2)** consolidate the actions; or
> **(3)** issue any other orders to avoid unnecessary cost or delay.

The Seventh Circuit reviews a district court's decision on consolidation "only for abuse of discretion." Star Ins. Co. v. Risk Marketing Group, Inc., 561 F.3d 656, 660 (7th Cir. 2009) (citation omitted). "In deciding whether to consolidate cases, courts exercise broad discretion and try to consolidate where possible." SJ Props. Suites v. Dev. Opportunity Corp., Case Nos. 09-cv-533, 09-cv-569, 2009 WL 3790009, at *1 (E.D. Wis. Nov. 12, 2009) (citing United States v. Knauer, 149 F.2d 519, 520 (7th Cir. 1945)). "Consolidation is preferred to avoid unnecessary duplication of efforts in related cases and promote judicial

3

economy and efficiency." Id. (citations omitted); see also Habitat Educ. Ctr., Inc. v. Kimbell, 250 F.R.D. 390, 394 (E.D. Wis. 2008) ("When common questions of law or fact are present, cases should be consolidated if consolidation will streamline the litigation without causing the parties undue prejudice."). Courts should decline to consolidate if consolidation would lead to confusion or prejudice. SJ Props. Suites, 2009 WL 3790009, at *1.

### III. Analysis

The cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Both lawsuits raise a single negligence claim against the defendant, relating to the defendant's construction of the same parking lot. Case No. 24-cv-1462, Dkt. No. 1-1, Case No. 24-cv-1483, Dkt. No. 1-1. Both complaints allege that the defendant breached its duty of care through a series of failures, which resulted in the December 12, 2020 explosion. Case No. 24-cv-1462, Dkt. No. 1-1 at ¶¶16-21, 28-31; Case No. 24-cv-1483, Dkt. No. 1-1 at ¶¶15-19, 25-28. The only significant difference between the two cases is the identities of the plaintiffs. This difference does not outweigh the similarities that warrant consolidation. The court will grant the defendant's motion to consolidate.

### IV. Conclusion

The court **GRANTS** the defendant's Rule 7(h) expedited non-dispositive motion to consolidate cases. Case No. 24-cv-1462, Dkt. No. 11; Case No. 24-cv-1483, Dkt. No. 9.

The court **ORDERS** that the Clerk of Court must **REASSIGN** Case No. 24-cv-1483 to Chief Judge Pepper.

Under Civil Local Rule 42(b) (E.D. Wis.), the court **ORDERS** that going forward, the parties must caption all pleadings and other filings using the consolidated case caption for this case and that all pleadings and filings must be filed and docketed *only* in Case No. 24-cv-1462. The court **ORDERS** that the Clerk of Court must place a notation on the docket sheet for each of the cases, indicating that Case No. 24-cv-1462 is the lead case and that Case No. 24-cv-1483 is a member case.

The court **ORDERS** the parties to file a joint status report by the end of the day on **February 3, 2025** informing the court whether they are able to comply with the deadlines set in the court's November 21, 2024 order setting the February 24, 2025 scheduling conference and the February 10, 2025 Rule 26(f) report deadline. Case No. 24-cv-1462, Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 27th day of January, 2025.

                                    **BY THE COURT:**

                                    **HON. PAMELA PEPPER**
                                    **Chief United States District Judge**